RALPH E. DUNN AND BARBARA A. DUNN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dunn v. Commissioner
Docket No. 19191-85.
United States Tax Court
T.C. Memo 1988-45; 1988 Tax Ct. Memo LEXIS 47; 55 T.C.M. (CCH) 66; T.C.M. (RIA) 88045; February 10, 1988. *49 Peter R. Stromer, for the petitioners. Joseph F. Long, for the respondent. CLAPP
CLAPP, Judge: Respondent determined deficiencies in petitioners' income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
sec. 6653(a)(1) [1]
sec. 6653(a)(2)
sec. 6654(a)
1981
$ 19,396.65
$ 969.83 *
$ 1,327.36
1982
$ 15,404.24
$ 770.21 *
$ 1,118.63
1983
$ 12,991.12
$ 649.56 *
$   623.39
After concessions by respondent, the issues for our determination are 1) whether petitioners are entitled to charitable contribution deductions and contribution carry-over deductions for amounts allegedly contributed to the Universal Life Church; 2) whether petitioners are liable for additions to tax under section 6653(a) for each of the years in issue; 3) whether petitioners are liable for additions to tax under section 6654(a) for each *50 of the years in issue; and 4) whether damages should be awarded to the United States and against petitioners under section 6673. On brief, petitioners have also urged us to reconsider an evidentiary ruling made at trial. FINDINGS OF FACT Some of the facts were stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time this petition was filed, petitioners were residents of Sherman, Connecticut. During the years in issue, petitioner-husband was employed as a captain by Pan American World Airways. Petitioners were members of the Sherman Congregational Church and participated in various church-related activities. Petitioner-wife has served as a Sunday school teacher, and petitioner-husband has served as a member of the Board of Trustees and as treasurer of the annual church affair. In connection with the latter position, petitioner-husband testified that he was a signatory on a bank account maintained in the name of the Sherman Congregational Church and was responsible for receiving money and dispersing funds. In 1979, petitioners became associated with the Universal Life Church ("ULC"). During the years *51 in issue, the Universal Life Church, Inc., of Modesto, California was an entity that enjoyed tax exempt status under section 501(c)(3). Petitioners established a local chapter of the ULC, Chapter 31731. There is no evidence in the record as to who comprised the membership of the congregation other than petitioners. Petitioners established a checking account in the name of the Universal Life Church Inc., Chapter 31731 at the New Milford Bank & Trust Company ("the ULC account"), and were the signatories on the account during the years in issue. Petitioner-husband assumed a role as pastor of the congregation and testified that he performed various sacerdotal functions in that capacity. During the years 1981 and 1982, petitioners made contributions to the ULC by way of deposits to the local ULC bank account they maintained. In 1983, petitioner-husband testified that amounts they contributed were sent directly to the ULC in Modesto. During 1981, 1982 and 1983, petitioners wrote checks on the local ULC account to their children, to themselves, to pay family dental bills, to pay their children's tuition, to the city tax collector, and to pay for their newspaper subscription. In *52 1983, the ULC, Inc., Modesto, California wrote four checks to petitioners' minor son in the amount of $ 1,000 each. On their income tax returns for 1981, 1982 and 1983, petitioners claimed deductions for charitable contributions to ULC in the amounts as follows: Carry-over from prior
Year
ULC Contribution
year, ULC
1981
$ 35,000
$ 8,279
1982
$ 32,500
$ 2,779
1983
$ 29,000
$   900
Respondent disallowed the deductions entirely. OPINION The first issue for decision is whether petitioner is entitled to any deductions for charitable contributions under section 170. Section 170(a) and (c) allow as a deduction any contribution that is made during the taxable year if the organization to which the contribution is made is organized and operated exclusively for religious purposes and no part of its net earnings inures to the benefit of any private individual. Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Taxpayers bear the burden of proving their entitlement to the deductions they claim. Welch v. Helvering,290 U.S. 111 (1933). These rules apply with *53 equal force to deductions claimed for charitable contributions. Davis v. Commissioner,81 T.C. 806, 815 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). To show that payment of a claimed contribution was made during the taxable year, petitioners must show that they parted with dominion and control over the alleged gift. Wedvik v. Commissioner,87 T.C. 1458, 1465 (1986). No deduction will be allowed where some economic benefit is expected in return for the alleged gift. Sims v. Commissioner,72 T.C. 996, 1008-1009 (1979). We are faced here with a complete lack of evidence which would support petitioners' claimed contributions. First, we are unable to conclude that petitioners parted with control over the funds allegedly given to the ULC. For the years 1981 and 1982, it is clear that contributions were made by way of deposits to the local ULC checking account maintained by petitioners. There is no evidence that anyone other than petitioners ever wrote checks on that account. Petitioner-husband testified that he handled that account merely as a fiduciary. However, we are not required to accept *54 this self-serving testimony, particularly where we did not find petitioner-husband to be a credible witness and where all other evidence is to the contrary. For the 1983 year, petitioners offered into evidence checks and receipts purporting to show that petitioners sent contributions directly to the ULC in Modesto. We refused to allow the checks and receipts into evidence on the ground that they were not presented to respondent 15 days before trial as required by our pretrial order. Petitioners effectively prevented respondent from developing any challenge to this evidence or in any way rebutting or dealing with it. The purpose of this order is to keep one party from ambushing the other with last minute offers of evidence which could easily have been presented to the other side during preparation for trial. We see no reason to modify our trial ruling. In any event, we note that the record here includes copies of four checks written in 1983 by the ULC Modesto to petitioners' minor son in the amount of $ 1,000 each. This leads us to conclude that even if we were to find that petitionrs sent money to the ULC in Modesto, those amounts did not constitute deductible contributions *55 because they were given with the expectation that an economic benefit would be returned. Second, we note that petitioners' local organization does not fall within the protection of the exemption granted to ULC. Money received by the local charter is not deemed donated to the parent church. The section 501(c)(3) exemption granted to ULC Modesto [2] is not a group exemption and does not extend to its charters or separate organizations. Davis v. Commissioner,81 T.C. 806, 817 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). Consequently, petitioners must establish that their local chapter is a qualified organization within section 170(c). This they have failed to do. Petitioners made no attempt to prove that their organization was a corporation, trust, community chest fund, or foundation within the meaning of section 170(c)(2)(A), or that their church was organized exclusively for exempt purposes within the meaning of section 170(c)(2)(B). Petitioners introduced no *56 documentary evidence establishing any formal or informal organization. The record totally lacks any indication regarding whether petitioners incorporated or otherwise filed any documents with the State of Connecticut. Furthermore, no evidence, such as articles of incorporation, trust documents, or other legal governance documents, was introduced that would indicate that the purposes of petitioners' local church were limited exclusively to exempt purposes. See Wedvik v. Commissioner, supra.
Finally, petitioners have not proven that their contributions did not inure to their benefit or the benefit of any other private individual. Sec. 170(c)(2)(C). In fact, the evidence indicates the contrary. It is quite apparent that petitioners used the funds in the ULC account to pay a variety of their personal expenses. We are not persuaded by petitioner-husband's testimony that payment of those expenses was authorized by ULC Modesto in lieu of his receipt of a salary or parsonage allowance. Moreover, no evidence was presented to prove that the funds in the ULC account were used for anything other than petitioners' personal benefit. Petitioners attempted to draw a parallel *57 between petitioner-husband's role as treasurer of the annual church fund raising event of the Sherman Congregational Church and his role as treasurer of his ULC chapter. Petitioners argue that since his authority to act as treasurer did not result in private inurement to petitioners with respect to the Congregational Church, it follows that private inurement to petitioners should not result from his activity with respect to his ULC chapter. This argument hardly warrants comment. One major distinction between the local ULC chapter and the Sherman Congregational Church readily comes to mind. There is absolutely no indication that the Congregational Church made payments for the personal living expenses of petitioners, in contrast to the evidence with respect to the ULC chapter. Petitioners' membership and participation in the activities of the Sherman Congregational Church would suggest that their religious and spiritual needs were quite adequately cared for and that their ULC chapter, with little other than check shuffling activity, filled a less hallowed and sacred need such as providing tax deductions. Petitioner's attempt to compare his treasury duties at Sherman Congregational *58 Church with his treasury duties at ULC and, thereby, bootstrap the latter to respectability is ludicrous. This argument merits no further consideration. For the foregoing reasons, we conclude that the payments made by petitioners are not deductible contributions. With respect to the additions to tax under section 6653(a) determined by respondent for all years in issue, petitioners have failed to prove those determinations to be incorrect. The entire record supports the conclusion that petitioners were negligent and disregarded rules and regulations in connection with the claimed contributions. Petitioners cannot reasonably have expected to be allowed charitable contributions for amounts paid which so obviously inured to their benefit. With respect to the additions to tax under section 6654(a) for underpayment of estimated tax, petitioners again have the burden of proving error in respondent's determination. Hollman v. Commissioner,38 T.C. 251, 263 (1962). The record contains no evidence that respondent so erred. Accordingly, his determination is sustained. Finally, we consider respondent's request that the court award damages under section 6673 for *59 the reason that petitioners instituted and maintained these proceedings primarily for delay and that their position is frivolous and groundless. Petitioners present two arguments in this regard. First, petitioners claim that their actions were necessary in order to extract concessions from respondent regarding non-ULC charitable contributions which had been disallowed. However, respondent conceded those amounts prior to trial, thereby removing any need for petitioners to maintain this proceeding. Second, petitioners assert that a trial was necessary for them to advance their argument that this case is distinct from numerous other ULC cases decided adversely to the taxpayers because petitioners sent contributions directly to ULC Modesto in 1983. In our view, this argument was undermined by petitioners' refusal to provide their allegedly supporting evidence to respondent prior to trial and their failure to rebut overwhelming evidence that their contributions inured to their private benefit. Moreover, petitioners' argument that their ULC activities were no different from their activities in the Sherman Congregational Church gives new meaning to the term frivolous. We conclude *60 that petitioners were well aware of the frivolous and groundless nature of their claims in this case. Additionally, petitioners' counsel has achieved some notoriety with this Court through his representation of petitioners in ULC cases and undoubtedly advised petitioners of the great weight of authority adverse to their position. Accordingly, we award damages to the United States and against petitioners in the amount of $ 5,000. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. * 50 percent of the interest due on the underpayment. ↩
2. ULC of Modesto no longer qualifies as an organization described in sec. 170(c)(2). Announcement 84-90 (September 4, 1984), 1984-36 I.R.B. 32↩.